Berj K. Parseghian (Cal. Bar No. 200932)
LIPPES MATHIAS LLP
420 Lexington Avenue, Suite 2005
New York, NY 10170
Telephone: (332) 345-4500
Facsimile: (716) 853-5199
Email: bparseghian@lippes.com

Attorneys for Defendant
OPTIO SOLUTIONS, LLC

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| SADIK HODZIC,<br><br>             Plaintiff,<br><br>v.<br><br>OPTIO SOLUTIONS, LLC D/B/A QUALIA COLLECTION SERVICES,<br><br>             Defendant. | Case No.: 3:25-cv-03756-LB<br><br>**DEFENDANT OPTIO SOLUTIONS, LLC'S ANSWER** |

Defendant Optio Solutions, LLC ("Defendant"), by and through its undersigned attorneys, for its Answer to Plaintiff Sadik Hodzic's ("Plaintiff") Complaint, upon information and belief, states as follows:

### JURISDICTION

1.   Defendant admits that Plaintiff brings this action pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"). Defendant denies that it violated said statute.

2.   The allegations in Paragraph 2 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 2.

3.     The allegations in Paragraph 3 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 3.

**PARTIES**

4.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 4 and, therefore, denies same.

5.     The allegations in Paragraph 5 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 5.

6.     Admitted in part. Defendant admits that it is a limited liability company with a principal place of business in Petaluma, California. The remaining allegations in Paragraph 6 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every remaining allegation in Paragraph 6.

7.     The allegations in Paragraph 7 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 7.

**ALLEGATIONS APPLICABLE TO ALL COUNTS**

8.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 8 and, therefore, denies same.

9.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 9 and, therefore, denies same.

10.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 10 and, therefore, denies same.

11.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 11 and, therefore, denies same.

12.     Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 12 and, therefore, denies same.

13. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 13 and, therefore, denies same.

14. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 14 and, therefore, denies same.

15. Defendant lacks knowledge and information sufficient to form a belief as to the allegations in Paragraph 15 and, therefore, denies same.

16. Defendant denies the allegations in Paragraph 16.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15U.S.C. § 1692, *et seq.*

17. With respect to Paragraph 17 of the Plaintiff's Complaint, Defendant repeats and realleges its answers to Paragraphs 1 through 16 with the same force and effect as if fully set forth herein.

18. The FDCPA speaks for itself to which no response is required. If an answer is required, Defendant denies all allegations set forth in Paragraph 18.

19. The allegations in Paragraph 19 constitute conclusions of law, to which no response is required. To the extent that a response is required, Defendant denies each and every allegation in Paragraph 19.

20. Defendant denies the allegations in Paragraph 20.

21. Defendant denies the allegations in Paragraph 21.

22. Defendant denies the allegations in Paragraph 22.

23. Defendant denies the allegations in Paragraph 23.

24. Defendant denies the allegations in Paragraph 24.

25. Defendant denies the allegations in Paragraph 25.

26. Defendant denies the allegations in Paragraph 26.

27. Defendant denies the allegations in Paragraph 27.

**FIRST AFFIRMATIVE DEFENSE**

28. The Complaint fails to state a claim upon which relief can be granted against the answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

29. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by third parties over whom Defendant has no control or authority.

**THIRD AFFIRMATIVE DEFENSE**

30. Plaintiff's claims may be precluded, in whole or in part, to the extent Plaintiff's purported damages, if any, were caused by Plaintiff's acts and/or omissions.

**FOURTH AFFIRMATIVE DEFENSE**

31. To the extent that Defendant's actions violated the law, such actions were the result of a bona fide error notwithstanding reasonable procedures designed to avoid such error(s).

**FIFTH AFFIRMATIVE DEFENSE**

32. Plaintiff failed to mitigate Plaintiff's damages.

WHEREFORE, Defendant Optio Solutions, LLC respectfully demands judgment against the Plaintiff dismissing the Complaint in its entirety together with such other, further or different relief, not inconsistent herewith, as may be just, equitable and proper, together with the costs and disbursements of this action.

DATED: June 25, 2025

**LIPPES MATHIAS LLP**

s/ Berj K. Parseghian
Berj K. Parseghian
Attorneys for Defendant
Optio Solutions, LLC